DECISION
Plaintiff brings a motion pursuant to G.L. 1956 (1995Reenactment) § 28-9-18 to vacate an arbitrator's decision to reinstate Joseph Beaulieu, a seventeen-year employee of the Pawtucket Water Supply Board. Defendant, the union representing Mr. Beaulieu, opposes the motion, and moves to confirm the award pursuant to § 28-9-17. Plaintiff additionally filed a motion to stay the arbitrator's award which the Court neither granted nor denied.
A collective bargaining agreement in effect at all material times between the parties provides in Article 35 that an employee may grieve a termination of employment to an arbitrator. On February 24, 1995, an arbitrator found that the Water Supply Board had terminated Mr. Beaulieu without just cause because, though there was misconduct by Mr. Beaulieu, the Water Supply Board had not fulfilled certain of its contractual requirements.
Plaintiff argues that the employer did have just cause to terminate Mr. Beaulieu and that the arbitrator had no grounds on which to modify the disciplinary action of termination.
Section 28-9-21 of the General Laws states in pertinent part that:
 Notice of a motion to vacate . . . an award must be served upon the adverse party, or his attorney, within three (3) months after the award is filed or delivered, as prescribed by law for service of a motion upon an attorney in an action . . .
The arbitrator's award is dated February 24, 1995, and was mailed to the parties on February 27, 1995. The three month limitation period expired on May 30, 1995. The motion to vacate which commenced this action, though containing a certification of mailing on May 26, 1995, was sent with a cover letter dated June 2, 1995. This Court finds that it must decline to review the arbitrator's decision for lack of timely service.
Even had the plaintiff filed its motion before the expiration of the statute of limitations, § 28-9-18(b) requires that a party seeking to vacate an arbitrator's award must first implement the award, unless the Court has issued a stay of its implementation. As of October 24, 1995, the Water Supply Board had not implemented the award, although it filed a motion to stay the award on June 2, 1995 and a motion to vacate the award on October 19, 1995. This Court has issued no order to stay implementation of the award. The Water Supply Board has failed to reinstate Mr. Beaulieu and compensate him in compliance with the terms of the award. Accordingly, this Court may not entertain this motion to vacate the award.
This decision does not rest simply on the bare procedural technicalities of the law, but also on longstanding policy served by these statutory provisions to accord strength and substance, as well as finality, to the awards of arbitrators. The Supreme Court stated in Rhode Island Council 94 v. State:
 Judicial authority to review or to vacate arbitration awards is limited . . . Strong public policy considerations dictate that a reviewing court's ability to overturn awards should be narrowly circumscribed. 456 A.2d 771, 773 (R.I. 1983).
Public policy favors private settlement of grievance disputes arising from collective bargaining agreements. Ibid. Similarly, the United States Supreme Court recognizes that:
 The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. As we stated in United Steelworkers of America v. Warrior Gulf Navigation Co. 363 U.S. 574, 80 S.Ct. 1347, the arbitrators under these collective agreements are indispensable agencies in a continuous collective bargaining process. They sit to settle disputes at the plant level — disputes that require for their solution knowledge of the custom and practices of particular factory or of a particular industry as reflected in particular agreements. United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360 (1960).
Procedural controls such as the relatively short limitation for challenging arbitrator's awards and the rigid requirement that the employer implement an award before it may challenge that award serve effectively to support those policy concerns.
The motion to confirm the award is granted. The motion to vacate the award is denied. The defendant will present a form of judgment for entry on reasonable notice to the plaintiff.